IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS FRANKLIN MAY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-480-WHA |
| | ) | [WO] |
| | ) | |
| JAY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Thomas Franklin May, III ["May"], a pre-trial detainee confined on a capital murder charge, in which he challenges actions taken against him at the Lee County Detention Center.  In his complaint, May seeks a preliminary injunction requiring the defendants to immediately cease those actions he deems violative of his rights and permit his transfer to the Russell County Jail (Doc. 1 at 8).  The court construes this request as a motion for preliminary injunction under Rule 65(a), *Federal Rules of Civil Procedure*.  Upon review of the motion for preliminary injunction, the court concludes this motion is due to be denied.

**II.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

This court may grant a preliminary injunction only if May demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  "'The chief function of a preliminary injunction

is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds May fails to demonstrate a substantial likelihood of success on the merits of his claims raised in the complaint pending before this court.  With respect to the second factor, May fails to allege or demonstrate the existence of a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the requested injunction would adversely impact the ability of jail personnel to effectively manage the daily operations of the Lee County Detention Center.  Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.  Thus, May has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that **on or before June 29, 2012**, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 15th day of June, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

4